Mason, J.
This is' an action of contract in which the plaintiff "seeks to recover from the defendant on two counts. Count 1. is for' money had' and received. Count 2. in substance alleges that the plaintiff insured the defendant under an automobile collision insurance policy,' and that the defendant’S', ear was involved ill a collision, that the plaintiff paid the collisioii damage pursuant to its policy, that the defendant'subrogated the ¡plaintiff to his tilaims against the third party; that the defendant in violation of the subrogation agreement and without notice to the plaintiff, instituted an action against the third party for damage to his automobile and settled the said claim, giving a release under seal to the third party and receiving money and has refused to return to the plaintiff the money paid out under the collision policy.
*207 The “Automobile Proof-Sworn Statement” referred to in paragraph 5 of the agreed statement contained a provision as follows:
“And it is agreed by the Assured that upon payment of the above claim the Provident Fire Insurance Company is hereby subrogated in the place of and to the claims and demands of the said Assured against any party, person, persons, or company in the premises to the extent of the amount so paid, and the said Company is hereby authorized and empowered to sue, compromise or settle in the name of the Assured or in its name to the extent of the amount which may be paid upon the above claim.”
The Trial Court made no finding or ruling regarding the effect of the policy under which the payment in question was made as to whether the provisions of a master policy were sufficiently incorporated therein by reference, but based its decision entirely on the proof of claim in the following words—
“I decline to rule as requested in #1, 2, and 7 for the reason that the proof of claim which the defendant signed, contained a clause subrogating the plaintiff against the rights of a third party. I decline to rule as requested in #3, 4, 5, and 6.”
The question of the binding effect of the paragraph above quoted from the proof of loss is fairly raised by defendant’s second request for ruling, which is as follows—
“2. If an insurer has contracted for a valuable consideration to insure an individual against a direct loss or damage from collision to an automobile of said individual, and if thereafter, within the term of said insurance the said automobile is damaged from a collision within the meaning of said insurance, the payment by the insurer to the insured of the loss or a portion of the loss suffered thereby is not a sufficient consideration for an agreement by the assured that upon payment of *208 the said loss the insurer is subrogated in the place of and to the claims .and demands of the said insured against any party to the extent of the amount so paid, and that the said insurer is authorized and empowered to sue, compromise or settle in the name of the insured or in its name to the extent of the amount which may be paid upon the said loss.”
There was no consideration for any agreement to thereby grant a right of subrogation. Clearly the payment of a sum admittedly due under the policy of insurance was not a consideration for a new promise.
The refusal to grant the defendant’s second request for a ruling was prejudicial error, and a new trial must be granted.'